1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    IVAN VALDEZ,                          No.  2:19-cv-0174 MCE DB PS

12                    Plaintiff,

13          v.                              FINDINGS AND RECOMMENDATIONS

14    STATE OF CALIFORNIA COURTS,

15                    Defendant.

16    _____

17          Plaintiff Ivan Valdez is proceeding in this action pro se.  This matter was referred to the

18    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19    before the court are plaintiff's amended complaint and motion to proceed in forma pauperis

20    pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2 & 9.)  Therein, plaintiff complains about slavery.

21          The court is required to screen complaints brought by parties proceeding in forma

22    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

23    2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons

24    stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed

25    without leave to amend.

26    I.    Plaintiff's Application to Proceed In Forma Pauperis

27          Plaintiff's in forma pauperis application makes the financial showing required by 28

28    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

                                          1

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

////

2

conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>

<u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.      Plaintiff's Amended Complaint

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992) (quoting <u>Neitzke</u>, 490 U.S. at 327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  <u>Neitzke</u>, 490 U.S. at 328.

Here, the amended complaint names as the defendant "slavery" and alleges that this action "is not against the government nor the state of California" but "100% against slavery."  (Am. Compl. (ECF No. 9) at 5.)  The amended complaint goes on to allege that plaintiff was forced "to work . . . in use of defense attorney in front of a Judge California Court system."  (<u>Id.</u>)  Plaintiff seeks "$10 billion U.S. dollars."  (<u>Id.</u> at 1.)

In this regard, not only does the amended complaint fail to state a claim, but the allegations are also delusional and frivolous.  <u>See</u> <u>Denton</u>, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

## III.      Leave to Amend

For the reasons stated above, plaintiff's amended complaint should be dismissed.  The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan</u>

Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff further leave to amend would be futile.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 28, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's May 20, 2019 amended complaint (ECF No. 9) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 17, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/valdez0174.dism.f&rs

4